## 22448. KUTCHEY MOTOR COMPANY *v.* HOOD.

SUTTON, J. Where an agent of a motor company, acting within the scope of his employment, agreed with plaintiff that if he would permit a third person to trade in his (plaintiff's) automobile on an automobile to be purchased by the third person from the motor company, and accept from the third person his promissory note in payment of plaintiff's automobile, the motor company would investigate a representation by the third person that he was a legatee in a large estate and would soon receive a sum of money therefrom, and if found to be true, the sale between the motor company and the third person would be consummated and plaintiff's interests protected by the motor company, but if such representation should prove to be false, then the motor company would not close the transaction and would return plaintiff's automobile to him, and where plaintiff, relying on this agreement, delivered his automobile to the third person and accepted his promissory note for the amount allowed that person by the motor company on plaintiff's automobile, less the amount which plaintiff owed on the purchase-price of his car, which amount the motor company paid, a valid contract was created between the plaintiff and the motor company.

(*a*) Where it thereafter developed that the third person had no interest in any estate, and where the motor company consummated the contract of purchase with him and delivered to him an automobile, which he took beyond the limits of this State, and where he failed and refused to pay the note given to plaintiff for his automobile which was traded in on the automobile purchased from the motor company, and where the motor company retained plaintiff's automobile and refused on demand to return it to him, it breached its contract with the plaintiff and became liable to him for the value of his automobile, less the amount paid

thereon by it in discharge of the amount which the plaintiff owed thereon. Civil Code (1910), §§ 3652, 4406.

(*b*) Applying the above rulings, the court below properly overruled the demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 8, 1932.

158

*F. S. Mackall,* for plaintiff in error.   *Hesler & Lewis,* contra.